# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION CAPITAL PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEAN DOMINGUEZ, PAIGE DOMINGUEZ, AND DOES 1-10, Inclusive, <br><br> Defendants. | Case No.: 17-cv-2167-AJB-AGS <br><br> **ORDER SUA SPONTE REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> (Doc. No. 1) |

This notice of removal represents Removing Defendants Sean and Paige Dominguez's ("Removing Defendants") second attempt at removing the same unlawful detainer action to this district court.[1] (Doc. No. 1.) For the reasons set forth below, the Court again *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction.

## **DISCUSSION**

After a review of Plaintiff Mission Capital Properties, Inc.'s ("Plaintiff") Complaint and Removing Defendants' notice of removal, the Court notes that the only cause of action

---

[1] Removing Defendants first filed a notice of removal of the same complaint in 17cv993-AJB-JLB on May 15, 2017. (Doc. No. 1.) The Court sua sponte remanded the action on May 17, 2017. (Doc. No. 4.)

1

asserted in the present matter is for unlawful detainer. (*See generally* Doc. No. 1.) Accordingly, the Court finds it lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loan Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008). Moreover, there is a "strong presumption" against removal jurisdiction and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Remand is necessary if it appears from the face of the complaint that the court lacks subject matter jurisdiction over the removed action. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the Court finds Plaintiff is bringing a single cause of action against Removing Defendants for unlawful detainer. (Doc. No. 1 at 8.) Thus, because this is a purely state law cause of action, the Court does not have federal question jurisdiction and must remand the matter. *See Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."); *see also Southland Homes Real Estate & Inv., LLC v. Lam*, No. SACV 11-32-JST (RNBx), 2011 WL 781243, at *1 (C.D. Cal. Feb. 25, 2011) (same).

Removing Defendants assert that they have federal question jurisdiction as their claim is based upon a notice that Plaintiff's signed that references 12 U.S.C. § 5201. (Doc. No. 1 at 2–3.) However, this statute does not bestow jurisdiction to Removing Defendants to have their case heard in federal court. Instead, the Court highlights for Removing Defendants' benefit that the purpose of that statute is to "provide authority and facilities"

to the "Secretary of the Treasury." *See* 12 U.S.C. § 5201(1).

In addition, the face of the Complaint clearly shows that this Court does not possess diversity jurisdiction over the matter. For a federal court to exercise diversity jurisdiction there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a). Here, the Complaint clearly states that Plaintiff seeks $70.00 per day in damages, beginning on March 7, 2017, for each day Removing Defendants remain in possession of the subject premises. (Doc. No. 1 at 11.) As of the date of this Order that amounts to a little over $16,000.00, which is far less than the $75,000.00 needed for diversity jurisdiction. Moreover, the notice of removal provides that both Plaintiff and Removing Defendants are citizens of California. (*Id.* at 2.) Thus, the Court also lacks diversity jurisdiction over the matter. *See* 28 U.S.C. § 1332(a)(1).

In sum, the Court lacks both federal question and diversity jurisdiction in the instant action. Thus, remand to the San Diego Superior Court is required.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court *sua sponte* **REMANDS** the action for lack of subject matter jurisdiction to the San Diego Superior Court. Removing Defendants are warned that any further attempts to remove their unlawful detainer action to federal court will result in the Court initiating proceedings to hold them in contempt of Court for violation of this Order or imposing pre-filing restrictions on them as vexatious litigants.

**IT IS SO ORDERED**.

Dated: October 27, 2017

Hon. Anthony J. Battaglia
United States District Judge

3

17-cv-2167-AJB-AGS